UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

In re:                                                                                  Case No. 10-23337-AJC
WILLIAM RUBIO and                                                          Chapter 11
YANI T. RUBIO

     Debtors.
_____/

WILLIAM RUBIO and YANI T. RUBIO 'S
FIRST AMENDED PLAN OF REORGANIZATION
DATED MARCH 28, 2014

ARTICLE I
SUMMARY

     This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of WILLIAM RUBIO and YANI T. RUBIO (the "Debtors") from cash flow from their leasehold interest and future income.  This Plan provides for 13 classes of secured claims and 2 classes of unsecured claims.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately .0089 cents on the dollar.  This Plan also provides for the payment of administrative and priority claims to be paid in full on the Effective Date or as otherwise agreed to by the claimant.

     All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

     2.01    Class 1.  All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)).

     2.02    Class 2.  The Secured Claim of Wells Fargo Bank in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.03    <u>Class 3</u>.  The Secured Claim of Ocwen Loan Servicing, LLC in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.04    <u>Class 4</u>.  The Secured Claim of Ocwen Loan Servicing, LLC in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.05    <u>Class 5</u>.  The Secured Claim of BAC Loan Servicing, LP in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.06    <u>Class 6</u>.  The Secured Claim of Ocwen Loan Servicing, LLC in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.07    <u>Class 7</u>.  The Secured Claim of Ocwen Loan Servicing, LLC in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.08    <u>Class 8</u>.  The Secured Claim of Aurora Loan Services in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.09    <u>Class 9</u>.  The Secured Claim of Aurora Loan Services in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.10    <u>Class 10</u>.  The Secured Claim of PHH Mortgage Corp., in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.11    <u>Class 11</u>.  The Secured Claim of HSBC Bank USA in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.12    <u>Class 12</u>.  The Secured Claim of BAC Loan Servicing, LP in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.13    <u>Class 13</u>.  The Secured Claim of BAC Loan Servicing, LP in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.14    <u>Class 14</u>.  The Secured Claim of Ocwen Loan Servicing, LLC in the amount equal to the Court determined value of the real property secured by claimant's mortgage.

2.15    <u>Class 15</u>.  All unsecured claims allowed under § 502 of the Code, including deficiency claims of Secured Creditors.

2.16    <u>Class 16</u>.  Is a convenience class available to Class 15 claimants who elect to receive a discounted lump sum distribution in lieu of payments over five years.

2.17    <u>Class 17</u> .  The interests of the individual Debtors in property of the estate.

## ARTICLE III
## TREATMENT OF UNCLASSIFIED CLAIMS

Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

3.01    <u>Professional Fees</u>.  Professional fees may only be paid upon application to and approval by the Court. The Debtors will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon Court order, except to the extent that a holder of such claim agrees to other terms.

3.02    <u>Other Administrative Claims</u>.  The Debtors will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including United States Trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtors' financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms. Pursuant to the Court's Order Setting Bar Date for Filing Proofs of Administrative Claims [D.E. #298], any post-petition claim of a creditor who was required to, but did not timely file an Administrative Proof of Claim, is now forever barred from, and not entitled to, any distribution under the Plan.  The following creditors, and no others, timely filed Administrative Proofs of Claim or are otherwise entitled to payment of an Allowed Administrative Claim by order of the Court and will be paid the amounts indicated below on the Effective Date, unless they agree to different payment terms:

| | |
|---|---|
| Cordoba at Beach Park Condo. Assoc. | $13,735.53 |
| Bank of America, N.A. | $8,206.34* |
| PHH Mortgage Corp. | $2,326.87 |

* The Debtors have objected to a portion of Bank of America's Administrative Claim and if the objection is sustained, Bank of America will only be entitled to an Administrative Claim in the mount of $4,168.94.

3.03    <u>Tax Claims</u>.  The Debtors are unaware of any tax claims, however, to the extent any exist, they will pay claims entitled to priority under § 507(a)(8) in full over time with 5% interest in equal amortized payments in accordance with § 511.  Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the entry of the order for relief.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the Effective Date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 – Secured Claim of Wells Fargo Bank<br>Secured Lien on Property Located at:<br>8753 Kauai Ct. #301<br>Tampa, FL 33614 | Impaired | Class 2 consists of Wells Fargo's Secured Claim is in the amount of $25,000.00, based on the Order valuing the real property secured by Wells Fargo's 1st mortgage [D.E. #100]. This Class will be paid $25,000.00, with interest thereon at the rate of 5.25% per annum amortized over 20 years, payable in monthly installments of principal and interest in the amount of $168.46, plus escrows for taxes and insurance commencing 1/1/11. The unsecured balance of $111,019.39 will be paid under Class 15 or 16. |
| Class 3 – Secured Claim of Ocwen Loan Servicing, LLC<br>Secured Lien on Property Located at:<br>4260 SW 154th Ct.<br>Miami, FL 33185 | Impaired | Class 3 consists of Ocwen Loan Servicing, LLC's Secured Claim in the amount of $188,848.00, based on the Order valuing the real property secured by Ocwen Loan Servicing, LLC's 1st mortgage [D.E. #145]. This Class will be paid the sum of $188,848.00, with interest thereon at the rate of 5% per annum, payable in monthly installments of principal and interest in the amount of $1,013.78 for 30 years, plus escrows for all future taxes and insurance, commencing on the first day of the month following the Effective Date. The unsecured balance of $193,318.72 will be paid under Class 15 or 16. |

| | | |
|---|---|---|
| Class 4 – Secured Claim of Ocwen Loan Servicing, LLC Secured Lien on Property Located at:<br>104 Carmel Beach Ct.<br>Unit 13-104<br>Tampa, FL 33609 | Impaired | Class 4 consists of Ocwen Loan Servicing, LLC's Secured Claim in the amount of $85,000.00 based on the Order valuing the real property secured by Ocwen Loan Servicing, LLC's 1st mortgages [D.E. #162]. This Class will be paid the sum of $85,000.00, with interest thereon at the rate of 5% per annum, payable in monthly installments of principal and interest in the amount of $560.96 for 20 years, plus escrows for all future taxes and insurance, commencing on the 1st day of the month following the Effective Date. The unsecured balance of $132,912.13 will be paid under Class 15 or 16. |
| Class 5 – Secured Claim of BAC Home Loan Servicing, LP Secured Lien on Property Located at:<br>15667 SW 85th Terr.<br>Unit 227<br>Miami, FL 33193 | Impaired | Class 5 consists of BAC Home Loan Servicing, LP's Secured Claim in the amount of $59,000.00, based on the Order valuing the real property secured by BAC Home Loan Servicing, LP's 1st mortgage [D.E. #163]. This Class will be paid the sum of $59,000.00, with interest thereon at the rate of 5% per annum, payable in monthly installments of principal and interest in the amount of $389.37 for 20 years commencing on the 1st day of the month following the Effective Date. The unsecured balance of $57,115.65 will be paid under Class 15 or 16. |
| Class 6 – Secured Claim of Ocwen Loan Servicing, LLC Secured Lien on Property Located at:<br>15665 SW 85th Terr.<br>Unit 226<br>Miami, FL 33193 | Impaired | Class 6 consists of Ocwen Loan Servicing, LLC's Secured Claim in the amount of $59,000.00, based on the Order valuing the real property secured by Ocwen Loan Servicing, LLC's 1st mortgage [D.E. #164]. This Class will be paid the sum of $59,000.00, with interest thereon at the rate of 5% per annum, payable in monthly installments of principal and interest in the amount of $389.37 for 20 years commencing on the 1st day of the month following the Effective Date. The unsecured balance of $36,170.15 will be paid under Class 15 or 16. |

| | | |
|---|---|---|
| Class 7 – Secured Claim of Ocwen Loan Servicing, LLC Secured Lien on Property Located at: 15651 SW 85th Terr. Unit 219 Miami, FL 33193 | Impaired | Class 5 consists of BAC Home Loan Servicing, LP's Secured Claim in the amount of $59,000.00, based on the Order valuing the real property secured by BAC Home Loan Servicing, LP's 1st mortgage [D.E. #163]. This Class will be paid the sum of $59,000.00, with interest thereon at the rate of 5% per annum, payable in monthly installments of principal and interest in the amount of $389.37 for 20 years, plus escrows for all future taxes and insurance, commencing on the 1st day of the month following the Effective Date. The unsecured balance of $38,937.22 will be paid under Class 15 or 16. |
| Class 8 – Secured Claim of Aurora Loan Services Secured Lien on Property Located at: 2404 Courtney Meadows Ct. Unit 303 Tampa, FL 33619 | Impaired | Class 8 consists of Aurora Loan Services' Secured Claim in the amount of $63,000.00 based on the Order valuing the real property secured by Aurora Loan Services' 1st mortgage [D.E. #73]. This Class will be paid the sum of $63,000.00, with interest thereon at the rate of 5.25% per annum, payable in monthly installments of principal and interest in the amount of $424.52 for 20 years commencing 9/11/10. The unsecured balance of $93,184.33 will be paid under Class 15 or 16. |
| Class 9 – Secured Claim of Aurora Loan Services Secured Lien on Property Located at: 2402 Courtney Meadows Ct. Unit 303 Tampa, FL 33619 | Impaired | Class 9 consists of Aurora Loan Services' Secured Claim in the amount of $63,000.00 based on the Order valuing the real property secured by Aurora Loan Services' 1st mortgage [D.E. #66]. This Class will be paid the sum of $63,000.00, with interest thereon at the rate of 5.25% per annum, payable in monthly installments of principal and interest in the amount of $424.52 for 20 years commencing 9/11/10. The unsecured balance of $91,553.83 will be paid under Class 15 or 16. |
| Class 10 – Secured Claim of PHH Mortgage Corp. Secured Lien on Property Located at: 10021 Courtney Palms Blvd. Unit 203 Tampa, FL 33619 | Impaired | Class 10 consists of PHH Mortgage Corp.'s Secured Claim in the amount of $49,000.00 based on the Order valuing the real property secured by PHH Mortgage Corp.'s 1st mortgage [D.E. #218]. This Class will be paid the sum of $49,000.00, with interest thereon at the rate of 5% per annum, payable in monthly installments of principal and interest in the amount of $519.72 for 10 years commencing 7/1/12. The unsecured balance of $132,280.18 will be paid under Class 15 or 16. |

| | | |
|---|---|---|
| Class 11 – Secured Claim of HSBC Bank USA<br>Secured Lien on Property Located at:<br>1607 Carson White Lane<br>Tampa, FL 33507 | Impaired | Class 11 consists of HSBC Bank USA's Secured Claim in the amount of $82,500.00 based on the Order valuing the real property secured by HSBC Bank USA's 1st mortgage [D.E. #232]. This Class will be paid the sum of $82,500.00, with interest thereon at the rate of 5% per annum, payable in monthly installments of principal and interest in the amount of $544.46 for 20 years, plus escrows for all future taxes and insurance, commencing on the 1st day of the month following the Effective Date.  The unsecured balance of $118,781.73 will be paid under Class 15 or 16. |
| Class 12 – Secured Claim of BAC Home Loan Servicing, LP<br>Secured Lien on Property Located at:<br>233 Pelican Circle<br>Breckenridge, CO 80424 | Impaired | Class 12 Secured Creditor shall retain its first lien on the property and continue to be paid in accordance with the terms of its note and mortgage, with all arreages which have accrued to the Confirmation Date to be applied to the end of the note payments. |
| Class 13 – Secured Claim of BAC Home Loan Servicing, LP<br>Secured Lien on Property Located at:<br>233 Pelican Circle<br>Breckenridge, CO 80424 | Impaired | Class 13 Secured Creditor shall retain its second lien on the property and continue to be paid in accordance with the terms of its note and mortgage with all arreages which have accrued to the Confirmation Date to be applied to the end of the note payments. |
| Class 14 – Secured Claim of Ocwen Loan Servicing, LLC<br>Secured Lien on Property Located at:<br>210 N.W. 119th Court<br>Miami, FL 33182 | Impaired | Class 14 consists of Ocwen Loan Servicing, LLC's Secured Claim in the amount of $441,830.00 based on the loan modification agreement entered into between the Debtors and Ocwen Loan Servicing, LLC. Ocwen Loan Servicing, LLC retains its 1st secured lien on the Debtors' homestead property and will be paid the sum of $441,830.00 over 40 years at an initial rate of 2% per annum, payable in monthly installments of principal and interest of $1,337.97, plus escrows, for the first 5 years commencing 6/1/13 and such additional payments thereafter as provided for in the Loan Modification Agreement. |

| Class 15 - Unsecured Claims | Impaired | Class 15 consists of Creditors holding Allowed Unsecured Deficiency Claims and Allowed General Unsecured Claims and will be paid a pro-rata share of such claims in semi-annual installments over a period of five (5) years of a total sum of $14,800.00 (less sums paid to Class 16 claimants), commencing on the 15th day of the month immediately following 60 days after the Effective Date. |
|---|---|---|
| Class 16 - Convenience Class | Impaired | Class 16 is a convenience class for Class 15 claimants who choose to accept a discounted lump sum payment in lieu of installment payments under Class 15. Class 15 claimants who make this election will be paid a lump sum equal to .3% of their Allowed Unsecured Claim on the 15th day of the month immediately following 180 days after the Effective Date. |
| Class 17 - Debtors' Interest | Unimpaired | The Debtors shall retain their interests in all exempt and non-exempt property of the Estate. |

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

     5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

     5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

     5.03    Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES

     6.01    Assumed Executory Contracts and Unexpired Leases.

  (a) The Debtors assume the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

  The Debtors assume all unexpired leases in which the Debtors are the landlord for all properties owned by the Debtors.

  (b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

  The Plan will be funded through cash available on the date of the Plan confirmation hearing and projected disposable income (projected to be an average of $197.26/month for the 5 years following confirmation).

## ARTICLE VIII
## GENERAL PROVISIONS

  8.01 <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

  All capitalized terms in this First Amended Plan and the First Amended Disclosure Statement shall have the following meaning, unless otherwise indicated:

  "Administrative Expense" means a liability actually and necessarily incurred in connection with the Chapter 11 case concerning the Debtors after the commencement of the Chapter 11 case, but does not include every liability that arises after the commencement of the Chapter 11 case.

  "Allowed Claim" or similar phrase means a Claim that is entitled to receive payment under this Plan in a determined amount. Where a Claim is an allowed claim the amount of the allowed claim is determined by one of the following methods: (a) if the Claim appears on the Schedules as filed by the Debtors, and the Claim is not listed as disputed, unliquidated or contingent, the Holder has not filed a Proof Of Claim, and the Claim has not been objected to as of the Confirmation Date or such other date as ordered by the Court, then the Claim is an allowed claim in the amount listed on the Schedules; (b) if the Holder has filed a Proof Of Claim, whether or not the Claim appears on the Schedules, and the Claim has not been objected to as of the Confirmation Date or such other date as ordered by the Court, then the Claim is an allowed claim in the amount, type and priority as

designated in the Proof Of Claim; (c) if a timely objection has been made to a Claim, then the Claim is not allowed as of the date of such objection, but a determination will be made by the Bankruptcy Court after notice and hearing with respect to whether and in what amount the Claim is allowed. (d) the Claim was not scheduled by the Debtors, but subsequent review of the Debtors' records reveal said Claim, and the Debtors do not dispute or object to same.

"Allowed Administrative Claim" shall mean that portion of any Administrative Expense for which a Creditor has filed an Administrative Proof of Claim that has not been objected to or deemed disallowed by the Court or that the Court has otherwise entered an order allowing.

"Allowed Deficiency Claim" shall mean that portion of a Deficiency Claim which has been allowed.

"Allowed General Unsecured Claims" shall mean any allowed claim which is not an Allowed Administrative Claim, Allowed Priority Claim, Allowed Deficiency Claim, or Allowed Secured Claim.

"Allowed Priority Claim" shall mean the portion of any allowed claim entitled to priority under Section 507(a) of tile Code.

"Allowed Secured Claim" shall mean any allowed claim which is secured by a lien on property of one or both of the Debtors, to the extent of the value of the interests of the Holder of such allowed claim in such property of the Debtors as determined by the Bankruptcy Court pursuant to Section 506(a) of the Code, together with such interest, fees, costs and charges as may be allowed by the Bankruptcy Court under Section 506(b) of the Code.

"Bankruptcy Code" shall mean Title 11 of the United States Code, as amended, in effect and applicable to the Chapter 11 case concerning the Debtors.

"Bankruptcy Rules" means the rules governing practice and procedure in bankruptcy cases, as promulgated by the Supreme Court of the United States, as amended, in effect and applicable to a Chapter 11 case concerning the Debtors.

"Claim" shall mean as follows: (a) The right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed undisputed, legal, secured or unsecured; or (b) The right to an equitable remedy for a breach of performance, if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; or (c) A duly listed or timely filed claim in this Chapter 11 proceeding, which claim is allowed and ordered to be paid by the United States Bankruptcy Court in this proceeding.

"Class" shall mean a group of claims or interests consisting of claims or interests which are substantially similar to each other, as classified pursuant to the Plan.

"Confirmation Date" shall mean the date on which the Court signs an Order confirming the Plan in accordance with the provisions of the Bankruptcy Code.

"Confirmation Order" or "Order of Confirmation" shall mean the order confirming confirmation of the Plan.

"Consummation of the Plan" shall mean the accomplishment of all things contained or provided for in the Plan.

"Court" shall mean the United States Bankruptcy Court for the Southern District of Florida and is sometimes referred to in the Plan as the "Bankruptcy Court".

"Debtors" shall collectively mean William and Yani T. Rubio, the debtors in this Chapter 11 case.

"Deficiency Claim" shall mean that portion of a Secured Claim which exceeds the value of the collateral for which such Claim is secured.

"Disputed Claim" shall mean any claim, other than an allowed claim, (a) which is scheduled pursuant to the Bankruptcy Code as disputed, contingent or liquidated, or proof of which has been filed with the Court and an objection to the allowance there has been or is interposed prior to the final date for the filing of such objection set forth in the Order of the Court confirming the Plan, and (b) as to which such dispute or objection has not been determined by a final Order.

"Effective Date" shall mean the fifteenth (15th) day following the date of the entry of the Confirmation Order. But if a stay of the Confirmation Order is in effect on that date or such date falls on a weekend or holiday, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

"Final Order" shall mean an order or a judgment which has not been stayed and as to which order or judgment (or any revision, modification or amendment thereof), the time to appeal or seek review or rehearing for which has expired and as to which no appeal or petition for review or rehearing is pending.

"General Unsecured Claim" shall mean all claims other than administrative claims, priority claims, tax claims, Secured Claims and Deficiency Claims.

"Holder" shall mean the owner of any Claim or Interest, as such ownership is reflected on the Debtors' books and records, the Schedules, or any Proof of Claim.

"Petition Date" shall mean May 14, 2010, the date the Debtors filed their voluntary Chapter 11 Petitions.

"Plan" shall mean this Plan of Reorganization in its present form or as it may be amended or supplemented.

"Priority Claim" shall mean any claim that is entitled to priority Section 507(a) or (b) of the Bankruptcy Code that is not an Administrative Claim or a Tax Claim.

"Proof of Claim" shall mean the statement of a claim by its Holder in a form that corresponds substantially to the requirements and Official Form numbers 19, 20, or 21 of the Bankruptcy Rules, which form is to be filed with the Clerk of the Bankruptcy Court.

"Secured Creditor" shall mean a creditor who has a lien (as defined in Sections 101(28), 101(36), 101(37), and 101(51) of the Bankruptcy Code), security interest (as defined in Section 101(51)), or other encumbrances which have been properly perfected as required by law with respect to property owned by one or both of the Debtors, and whose claim against one or both of the Debtors is not greater than the value of the assets on which said creditor's lien, security interest or other encumbrances attaches.

"Tax Claim" shall mean any Claim that is entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

"Unsecured Creditor" shall mean any creditor that holds an unsecured claim.

8.02    Severability.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03    Binding Effect.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.04    Captions.    The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.05    Controlling Effect.    Unless a rule of law or procedure is supplied by federal law, including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.06    Cramdown.    Debtors reserve the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

8.07    Creditor Action Restrained.    Creditors may not take any action to enforce either pre-confirmation obligations or obligations due under the Plan, so long as the Debtors are not in material default under the Plan. If the Debtors are in material default under the Plan, affected creditors may:

(i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

8.08    Material Default Defined.  If Debtors fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than thirty (30) days after the time specified in the Plan, the affected creditor may serve upon the Debtors and Debtors' attorney a written notice of default. The Debtors are in material default under the Plan if the Debtors fail within 21 days after the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

8.09    Retention of Jurisdiction.  This court retains jurisdiction until all Plan payments have been made.  However, for purposes of avoiding payment of US Trustee quarterly fees and monthly reporting, this case will be considered closed upon the Effective Date and will be reopened, without any additional fees, for the purpose of issuing an Order of Discharge upon the Debtors full compliance with and completion of all payments under the Plan in accordance with the provisions of Paragraph 9.02 below.

## ARTICLE IX
## DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

9.01.    Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code which provides:

In a case in which the debtor is an individual—
(A) unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
(B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if—
(i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date; and
(ii) modification of the plan under section 1127 is not practicable; and
(C) unless after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—
(i) section 522 (q)(1) may be applicable to the debtor; and
(ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522 (q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B).

The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure or as otherwise ordered by the Court.

9.02    Closing of case prior to discharge.

Pursuant to 11 U.S.C. § 1141(d)(5)(A), the Debtors shall be discharged from all pre-Confirmation debts except as is provided in the Plan, pursuant to the procedures set forth herein, upon completion of all payments required under the Plan to Class 15 and 16 unsecured creditors. Upon the satisfaction of all payments required under the Plan to Class 15 and 16 creditors, the Debtors shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form.

(a)    Notwithstanding the above, the Debtors may request that the Court close this bankruptcy proceeding prior to the entry of an Order of Discharge, pursuant to the following procedures:

(b)    The Debtors may file a Motion to Temporarily Close Bankruptcy Case Prior to Entry of Order of Discharge (the "Motion to Close") after the following events have occurred: (i) payment of the Initial Payment (defined in the Plan) to Class 15 and 16 creditors; (ii) payment of all outstanding quarterly United States Trustee Fees as of the date of the Order approving the Motion to Temporarily Close; and (iii) the filing of all outstanding federal income tax returns. The Motion to Close shall certify that each of the above conditions have been met.

9.03    Vesting of Property. On the Effective Date, all property of the estate will vest in the reorganized Debtors pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

9.04    Plan Creates New Obligations. Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

Respectfully submitted this 28th day of March, 2014.

_____
WILLIAM RUBIO, Plan Proponent

_____
YANI T. RUBIO, Plan Propontent

_____
JEFFREY N. SCHATZMAN
Attorney for the Debtors, Plan Proponents

-14-